1 
2 
3 
4 
5 

MICHAEL J. KHOURI, ESQ. [SBN 97654]
Email:      mkhouri@khourilaw.com
ANDREW B. GOODMAN, ESQ. [SBN 267972]
Email:      agoodman@khourilaw.com
KHOURI LAW FIRM
4040 Barranca Parkway, Suite 280
Irvine, California 92604
Telephone:   (949) 336-2433
Fax:            (949) 387-0044

6 
7 

Attorneys for defendants QUALIUM CORPORATION d/b/a BAY SLEEP
CLINIC d/b/a CPAP SPECIALIST, TARA NADER, ANOOSHIRAVAN
MOSTOWFIPOUR, and AMERIMED CORPORATION

8 

9 

UNITED STATES DISTRICT COURT

10 

FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

11 

12 
13 
14 
15 
16 
17 
18 
19 
20 
21 
22 
23 
24 

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ELMA F. DRESSER,<br><br>                              Plaintiffs,<br><br>vs.<br><br>QUALIUM CORPORATION d/b/a BAY SLEEP CLINIC d/b/a CPAP SPECIALIST; TAHEREH NADER a/k/a TARA NADER; ANOOSHIRAVAN MOSTOWFIPOUR; AMERIMED CORPORATION d/b/a AMERIMED SLEEP DIAGNOSTICS d/b/a AMERIMED CPAP SPECIALISTS; ACCESS MEDICAL CONSULTANTS, INC.; and DOES 1 THROUGH 50, INCLUSIVE,<br><br>                              Defendants. | Case No. 5:12-cv-01745-BLF (HRL)<br><br>**DEFENDANTS QUALIUM CORPORATION d/b/a BAY SLEEP CLINIC d/b/a CPAP SPECIALIST, TARA NADER, ANOOSHIRAVAN MOSTOWFIPOUR, and AMERIMED CORPORATION'S ANSWER TO THE UNITED STATES' SECOND AMENDED COMPLAINT IN INTERVENTION**<br><br>Second Amended Complaint in Intervention filed: August 8, 2016 |

25 

26 

27 

28 

1

Defendants QUALIUM CORPORATION ("Qualium"), TARA NADER ("Nader"), ANOOSHIRAVAN MOSTOWFIPOUR ("Mostowfipour"), and AMERIMED CORPORATION ("Amerimed") (collectively, Qualium, Nader, Mostowfipour, and Amerimed are "Defendants") answer the UNITED STATES' ("United States") unverified Second Amended Complaint in Intervention ("SAC") as follows:

1.      Answering paragraph 1 of the SAC, to the extent that a response is required, Defendants deny all allegations that they made any false claims to the Medicare program in violation of the federal False Claims Act (31 U.S.C. §§ 3729, et seq.).

2.      Answering paragraph 2 of the SAC, Defendants deny all allegations.

3.      Answering paragraph 3 of the SAC, Defendants admit that Nader and Mostowfipour own Qualium; that Qualium operated sleep clinics doing business as Bay Sleep Clinic; and that sleep clinics must go through an application and approval process before being permitted to treat Medicare patients. Defendants deny the remainder of the allegations.

4.      Answering paragraph 4 of the SAC, Defendants admit that DME dispensaries must apply and receive approval from Medicare prior to supplying DME to Medicare patients. Defendants admit that Nader and Mostowfipour never applied for Amerimed to serve as a Medicare DME supplier. Defendants deny the remainder of the allegations.

I.      **JURISDICTION AND VENUE**

5.      Answering paragraph 5 of the SAC, to the extent that a response is required, Defendants do not dispute that this Court has subject matter jurisdiction over this matter.

6.      Answering paragraph 6 of the SAC, to the extent that a response is required, Defendants do not dispute that this Court has personal jurisdiction over them.

7.      Answering paragraph 7 of the SAC, to the extent that a response is required, Defendants do not dispute that the Northern District of California is the proper venue.

**II.      THE PARTIES**

8.      Answering paragraph 8 of the SAC, to the extent that a response is required, Defendants admit the allegations.

9.      Answering paragraph 9 of the SAC, Defendants admit the allegations, but deny that Dresser began working for Defendants in June 2002.

10.      Answering paragraph 10 of the SAC, Defendants admit the allegations.

11.      Answering paragraph 11 of the SAC, Defendants admit the allegations.

12.      Answering paragraph 12 of the SAC, Defendants admit the allegations.

13.      Answering paragraph 13 of the SAC, Defendants admit the allegations.

14.      Answering paragraph 14 of the SAC, Defendants admit that Amerimed is a private corporation incorporated in the State of California in 2006 with an address in Saratoga, California, and that Nader and Mostowfipour own it. Defendants deny the remainder of the allegations.

15.      Answering paragraph 15 of the SAC, Defendants deny the allegations and ultimate legal conclusions regarding alter ego liability.

16.      Answering paragraph 16 of the SAC, Defendants deny the allegations and ultimate legal conclusions regarding alter ego liability.

17.      Answering paragraph 17 of the SAC, Defendants admit the allegations, but deny that Amerimed billed and collected any revenue from Medicare or otherwise.

18.      Answering paragraph 18 of the SAC, Defendants admit the

allegations, but deny that Amerimed had employees or administered sleep tests, and deny that they had control over all Medicare billing.

19.     Answering paragraph 19 of the SAC, Defendants deny all allegations.

20.     Answering paragraph 20 of the SAC, Defendants deny all allegations and legal conclusions.

## III.    THE FEDERAL FALSE CLAIMS ACT

21.     Answering paragraph 21 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

22.     Answering paragraph 22 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

23.     Answering paragraph 23 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

24.     Answering paragraph 24 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

///

# IV.   BACKGROUND

### a) The Medicare Program

25.   Answering paragraph 25 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

26.   Answering paragraph 26 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

27.   Answering paragraph 27 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

28.   Answering paragraph 28 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

29.   Answering paragraph 29 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of Form CMS-855B (also attached as Exhibit 1). To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of Form CMS-855B are the only ones, or necessarily the correct ones; and the document speaks for itself.

5

30.     Answering paragraph 30 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of Form CMS-855B (also attached as Exhibit 1). To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of Form CMS-855B are the only ones, or necessarily the correct ones; and the document speaks for itself.

31.     Answering paragraph 31 of the SAC, Defendants admit the allegation and assert that the document speaks for itself.

32.     Answering paragraph 32 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of Form CMS-855S (also attached as Exhibit 2). To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of Form CMS-855S are the only ones, or necessarily the correct ones; and the document speaks for itself.

33.     Answering paragraph 33 of the SAC, Defendants admit the allegation and assert that the document speaks for itself.

34.     Answering paragraph 34 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of National Provider Identifiers. To the extent that a response is required, however, Defendants admit that they obtained unique National Provider Identifier numbers for each of the Bay Sleep Clinics, but deny that the United States' legal conclusions and descriptions of National Provider Identifiers are the only ones, or necessarily the correct ones.

35.     Answering paragraph 35 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of Form CMS-1500s (also attached as Exhibit 3). To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of Form CMS-1500s are the only

ones, or necessarily the correct ones; and the document speaks for itself.

36.     Answering paragraph 36 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of Form CMS-1500s (also attached as Exhibit 3). To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of Form CMS-1500s are the only ones, or necessarily the correct ones; and the document speaks for itself.

37.     Answering paragraph 37 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of Form CMS-1500s (also attached as Exhibit 3). To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of Form CMS-1500s are the only ones, or necessarily the correct ones; and the document speaks for itself.

38.     Answering paragraph 38 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

39.     Answering paragraph 39 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

40.     Answering paragraph 40 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

41.     Answering paragraph 41 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

42.     Answering paragraph 42 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

43.     Answering paragraph 43 of the SAC, Defendants deny all allegations.

44.     Answering paragraph 44 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

45.     Answering paragraph 45 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

46.     Answering paragraph 46 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

**b)     Diagnostic Sleep Testing and Treatment**

47.     Answering paragraph 47 of the SAC, Defendants assert that no

8

response is required because the allegation merely consists of the United States'
legal conclusions and descriptions of the law. To the extent that a response is
required, however, Defendants deny that the United States' legal conclusions and
descriptions of the law are the only ones, or necessarily the correct ones.

48.     Answering paragraph 48 of the SAC, Defendants admit that the Bay
Sleep Clinics are classified as IDTFs. Otherwise, Defendants assert that no
response is required because the allegation merely consists of the United States'
legal conclusions and descriptions of the law. To the extent that a response is
required, however, Defendants deny that the United States' legal conclusions and
descriptions of the law are the only ones, or necessarily the correct ones.

49.     Answering paragraph 49 of the SAC, Defendants assert that no
response is required because the allegation merely consists of the United States'
legal conclusions, descriptions of sleep tests, and descriptions of the law. To the
extent that a response is required, however, Defendants deny that the United
States' legal conclusions, descriptions of sleep tests, and descriptions of the law are
the only ones, or necessarily the correct ones.

50.     Answering paragraph 50 of the SAC, Defendants assert that no
response is required because the allegation merely consists of the United States'
legal conclusions, descriptions of sleep tests, and descriptions of the law. To the
extent that a response is required, however, Defendants deny that the United
States' legal conclusions, descriptions of sleep tests, and descriptions of the law are
the only ones, or necessarily the correct ones.

51.     Answering paragraph 51 of the SAC, Defendants assert that no
response is required because the allegation merely consists of the United States'
legal conclusions, descriptions of sleep tests, and descriptions of the law. To the
extent that a response is required, however, Defendants deny that the United
States' legal conclusions, descriptions of sleep tests, and descriptions of the law are
the only ones, or necessarily the correct ones.

52.   Answering paragraph 52 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions, descriptions of sleep tests, and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions, descriptions of sleep tests, and descriptions of the law are the only ones, or necessarily the correct ones.

53.   Answering paragraph 53 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions, descriptions of billing for sleep tests, and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions, descriptions of billing for sleep tests, and descriptions of the law are the only ones, or necessarily the correct ones.

54.   Answering paragraph 54 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions, descriptions of sleep technologists, and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions, descriptions of sleep technologists, and descriptions of the law are the only ones, or necessarily the correct ones.

**c) Medicare Rules Applicable to IDTFs**

**i.   Requirement to Accurately State Location of Service**

55.   Answering paragraph 55 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

56.   Answering paragraph 56 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is

required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

57.    Answering paragraph 57 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

58.    Answering paragraph 58 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

59.    Answering paragraph 59 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

60.    Answering paragraph 60 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

61.    Answering paragraph 61 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

62.    Answering paragraph 62 of the SAC, Defendants assert that no

response is required because the allegation merely consists of the United States'
legal conclusions and descriptions of the law. To the extent that a response is
required, however, Defendants deny that the United States' legal conclusions and
descriptions of the law are the only ones, or necessarily the correct ones.

63.     Answering paragraph 63 of the SAC, Defendants assert that no
response is required because the allegation merely consists of the United States'
legal conclusions and descriptions of the law. To the extent that a response is
required, however, Defendants deny that the United States' legal conclusions and
descriptions of the law are the only ones, or necessarily the correct ones.

64.     Answering paragraph 64 of the SAC, Defendants assert that no
response is required because the allegation merely consists of the United States'
legal conclusions and descriptions of the law. To the extent that a response is
required, however, Defendants deny that the United States' legal conclusions and
descriptions of the law are the only ones, or necessarily the correct ones.

### ii.     Requirement to use licensed or certified nonphysician personnel.

65.     Answering paragraph 65 of the SAC, Defendants assert that no
response is required because the allegation merely consists of the United States'
legal conclusions and descriptions of the law. To the extent that a response is
required, however, Defendants deny that the United States' legal conclusions and
descriptions of the law are the only ones, or necessarily the correct ones.

66.     Answering paragraph 66 of the SAC, Defendants assert that no
response is required because the allegation merely consists of the United States'
legal conclusions and descriptions of the law. To the extent that a response is
required, however, Defendants deny that the United States' legal conclusions and
descriptions of the law are the only ones, or necessarily the correct ones. To the
extent that there is a reference to Exhibit 1, the document speaks for itself.

67.     Answering paragraph 67 of the SAC, Defendants assert that no

response is required because the allegation merely consists of the United States'
legal conclusions and descriptions of the law. To the extent that a response is
required, however, Defendants deny that the United States' legal conclusions and
descriptions of the law are the only ones, or necessarily the correct ones.

68.     Answering paragraph 68 of the SAC, Defendants assert that no
response is required because the allegation merely consists of the United States'
legal conclusions and descriptions of the law. To the extent that a response is
required, however, Defendants deny that the United States' legal conclusions and
descriptions of the law are the only ones, or necessarily the correct ones.

69.     Answering paragraph 69 of the SAC, Defendants assert that no
response is required because the allegation merely consists of the United States'
legal conclusions and descriptions of the law. To the extent that a response is
required, however, Defendants deny that the United States' legal conclusions and
descriptions of the law are the only ones, or necessarily the correct ones.

70.     Answering paragraph 70 of the SAC, Defendants assert that no
response is required because the allegation merely consists of the United States'
legal conclusions and descriptions of the law. To the extent that a response is
required, however, Defendants deny that the United States' legal conclusions and
descriptions of the law are the only ones, or necessarily the correct ones. To the
extent that there is a reference to Exhibit 1, the document speaks for itself.

71.     Answering paragraph 71 of the SAC, Defendants assert that no
response is required because the allegation merely consists of the United States'
legal conclusions and descriptions of the law. To the extent that a response is
required, however, Defendants deny that the United States' legal conclusions and
descriptions of the law are the only ones, or necessarily the correct ones. To the
extent that there is a reference to Exhibit 1, the document speaks for itself.

72.     Answering paragraph 72 of the SAC, Defendants assert that no
response is required because the allegation merely consists of the United States'

legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

73.     Answering paragraph 73 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

74.     Answering paragraph 74 of the SAC, Defendants deny all allegations.

75.     Answering paragraph 75 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones. To the extent that there is a reference to Exhibit 1, the document speaks for itself.

76.     Answering paragraph 76 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones. To the extent that there is a reference to Exhibit 1, the document speaks for itself.

77.     Answering paragraph 77 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones. To the extent that there is a reference to Exhibit 1, the document speaks for itself.

78.     Answering paragraph 78 of the SAC, Defendants assert that no

response is required because the purported publicly available documents referenced in the allegation should speak for themselves.

### d)      Rules Applicable to DME Dispensers

79.      Answering paragraph 79 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

80.      Answering paragraph 80 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

81.      Answering paragraph 81 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

82.      Answering paragraph 82 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

83.      Answering paragraph 83 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

84.     Answering paragraph 84 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

85.     Answering paragraph 85 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

86.     Answering paragraph 86 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

87.     Answering paragraph 87 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

88.     Answering paragraph 88 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

89.     Answering paragraph 89 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is

required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

90.     Answering paragraph 90 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

91.     Answering paragraph 91 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

92.     Answering paragraph 92 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

93.     Answering paragraph 93 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

## V.     DEFENDANTS' FRAUDULENT SCHEME

94.     Answering paragraph 94 of the SAC, Defendants deny all allegations.

95.     Answering paragraph 95 of the SAC, Defendants admit using Access Medical Consultants to prepare and submit claims to Medicare. Defendants deny that Access Medical Consultants always used information supplied by Defendants to prepare and submit claims to Medicare.

### a)    Tests in Unapproved Locations

96.    Answering paragraph 96 of the SAC, Defendants deny all allegations.

97.    Answering paragraph 97 of the SAC, Defendants admit the allegations.

98.    Answering paragraph 98 of the SAC, Defendants deny all allegations.

99.    Answering paragraph 99 of the SAC, Defendants admit they were aware that they could apply for Medicare approval for Medicare-approved IDTFs, but deny that they failed to submit enrollment forms for other locations to undergo the qualification process to become Medicare-approved IDTFs.

100.    Answering paragraph 100 of the SAC, Defendants deny all allegations.

101.    Answering paragraph 101 of the SAC, Defendants deny all allegations and assert that no response is required to the allegation referring to Form CMS 1500, as the document speaks for itself.

102.    Answering paragraph 102 of the SAC, Defendants deny all allegations and legal conclusions, and to the extent that the allegations refer to Form CMS-1500s, the documents speak for themselves.

103.    Answering paragraph 103 of the SAC, Defendants deny all allegations and legal conclusions, and to the extent that the allegations refer to Form CMS-1500s, the documents speak for themselves.

104.    Answering paragraph 104 of the SAC, Defendants deny all allegations and legal conclusions.

105.    Answering paragraph 105 of the SAC, Defendants deny all allegations and legal conclusions.

106.    Answering paragraph 106 of the SAC, Defendants deny all allegations and legal conclusions.

107.    Answering paragraph 107 of the SAC, Defendants deny all allegations and legal conclusions.

1      108.   Answering paragraph 108 of the SAC, Defendants deny all allegations

2   and legal conclusions.

3      109.   Answering paragraph 109 of the SAC, Defendants deny all allegations

4   and legal conclusions.

5      110.    Answering paragraph 110 of the SAC, Defendants deny all

6   allegations and legal conclusions.

7      **b)      Use of Unqualified Technicians**

8      111.   Answering paragraph 111 of the SAC, Defendants deny all allegations

9   and legal conclusions.

10     112.   Answering paragraph 112 of the SAC, Defendants deny all allegations

11  and legal conclusions.

12     113.   Answering paragraph 113 of the SAC, Defendants deny all allegations

13  and legal conclusions, and to the extent that the allegations refer to Form CMS-

14  855B, the documents speak for themselves.

15     114.   Answering paragraph 114 of the SAC, Defendants deny all allegations

16  and legal conclusions, and to the extent that the allegations refer to Form CMS-

17  855B, the documents speak for themselves.

18     115.   Answering paragraph 115 of the SAC, Defendants deny all allegations

19  and legal conclusions, and to the extent that the allegations refer to Form CMS-

20  855B, the documents speak for themselves.

21     116.   Answering paragraph 116 of the SAC, Defendants deny all allegations

22  and legal conclusions, and to the extent that the allegations refer to Form CMS-

23  855B, the documents speak for themselves.

24     117.   Answering paragraph 117 of the SAC, Defendants deny all allegations

25  and legal conclusions, and to the extent that the allegations refer to Form CMS-

26  855B, the documents speak for themselves.

27     118.   Answering paragraph 118 of the SAC, Defendants deny all allegations

28  and legal conclusions.

119.   Answering paragraph 119 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

120.   Answering paragraph 120 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

121.   Answering paragraph 121 of the SAC, Defendants deny all allegations and legal conclusions.

122.   Answering paragraph 122 of the SAC, Defendants admit hiring Glenn Tan as a sleep technician in or around July 2008, and admit that he was not a registered or certified sleep technician at the time he was hired. Otherwise, Defendants deny all allegations and legal conclusions, and to the extent that the allegations refer to Form CMS-855B, the documents speak for themselves.

123.   Answering paragraph 123 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

124.   Answering paragraph 124 of the SAC, Defendants admit hiring personnel who were not registered by the State of California to perform sleep and titration tests, but deny the implication that these supervised personnel were involved in the submission of any false claims. Otherwise, Defendants deny all allegations and legal conclusions.

125.   Answering paragraph 125 of the SAC, Defendants admit the

20

allegations.

126. Answering paragraph 126 of the SAC, Defendants admit the allegations, but deny that patients undergoing sleep tests were unsupervised during periods when the technicians took restroom or meal breaks.

127. Answering paragraph 127 of the SAC, Defendants admit the allegations.

128. Answering paragraph 128 of the SAC, Defendants deny all allegations and legal conclusions, and to the extent that the allegations refer to Form CMS-855B, the documents speak for themselves.

129. Answering paragraph 129 of the SAC, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation.

130. Answering paragraph 130 of the SAC, Defendants deny all allegations and legal conclusions, and to the extent that the allegations refer to purportedly publicly available documents, the documents speak for themselves.

131. Answering paragraph 131 of the SAC, and all its subparts, Defendants admit hiring the named individuals and that the named individuals played a role in performing sleep tests. Defendants deny that the named individuals, or other to-be-named individuals, were not licensed or registered to perform sleep tests, and that Defendants engaged in wrongful conduct.

a. Defendants deny hiring Elma Dresser in or around June 2002. Defendants admit that she was not licensed or registered to perform sleep tests at the time she was hired. Defendants admit that Dresser performed sleep tests. Defendants deny that they wrongfully submitted, or caused the submission of claims for such tests to Medicare, and wrongfully received money from Medicare for such tests.

b. Defendants admit hiring Mladenka Kaluderovic in or around August 2006. Defendants admit that she was not licensed or registered to perform

sleep tests at the time she was hired. Defendants admit that Kaluderovic performed sleep tests. Defendants deny that they wrongfully submitted, or caused the submission of claims for such tests to Medicare, and wrongfully received money from Medicare for such tests.

        c.    Defendants deny hiring Diana Posliero in or around August 2007. Defendants admit that she was not licensed or registered to perform sleep tests at the time she was hired. Defendants admit that Posliero performed sleep tests. Defendants deny that they wrongfully submitted, or caused the submission of claims for such tests to Medicare, and wrongfully received money from Medicare for such tests.

        d.    Defendants deny hiring Jasna Redzic in or around August 2007. Defendants admit that she was not licensed or registered to perform sleep tests at the time she was hired. Defendants deny that Redzic performed sleep tests. Defendants deny that they wrongfully submitted, or caused the submission of claims for such tests to Medicare, and wrongfully received money from Medicare for such tests.

        e.    Defendants deny hiring Helen Tan in or around June 2008. Defendants deny that she was not licensed or registered to perform sleep tests at the time she was hired. Defendants admit that Tan performed sleep tests. Defendants deny that they wrongfully submitted, or caused the submission of claims for such tests to Medicare, and wrongfully received money from Medicare for such tests.

        f.    Defendants admit hiring Glenn Tan in or around July 2008. Defendants admit that he was not licensed or registered to perform sleep tests at the time he was hired. Defendants admit that Tan performed sleep tests. Defendants deny that they wrongfully submitted, or caused the submission of claims for such tests to Medicare, and wrongfully received money from Medicare for such tests.

g.      Defendants admit hiring Jenna Victory in or around November 2009. Defendants admit that she was not licensed or registered to perform sleep tests at the time she was hired. Defendants admit that Victory performed sleep tests. Defendants deny that they wrongfully submitted, or caused the submission of claims for such tests to Medicare, and wrongfully received money from Medicare for such tests.

h.      Defendants admit hiring Richelle DeVera Pacis in or around November 2009. Defendants admit that she was not licensed or registered to perform sleep tests at the time she was hired. Defendants admit that Pacis performed sleep tests. Defendants deny that they wrongfully submitted, or caused the submission of claims for such tests to Medicare, and wrongfully received money from Medicare for such tests.

i.      Defendants admit hiring Nedina Guzman in or around February 2010. Defendants admit that she was not licensed or registered to perform sleep tests at the time she was hired. Defendants admit that Guzman performed sleep tests. Defendants deny that they wrongfully submitted, or caused the submission of claims for such tests to Medicare, and wrongfully received money from Medicare for such tests.

j.      Defendants admit hiring Eric Espinueva in or around March 2010. Defendants admit that he was not licensed or registered to perform sleep tests at the time he was hired. Defendants admit that Espinueva performed sleep tests. Defendants deny that they wrongfully submitted, or caused the submission of claims for such tests to Medicare, and wrongfully received money from Medicare for such tests.

k.      Defendants deny hiring Joseph Yee in or around June 2010. Defendants admit that he was not licensed or registered to perform sleep tests at the time he was hired. Defendants admit that Yee performed sleep tests. Defendants deny that they wrongfully submitted, or caused the submission of

23

claims for such tests to Medicare, and wrongfully received money from Medicare for such tests.

l.      Defendants admit hiring Ryan Penny in or around November 2010. Defendants admit that she was not licensed or registered to perform sleep tests at the time she was hired. Defendants admit that Penny performed sleep tests. Defendants deny that they wrongfully submitted, or caused the submission of claims for such tests to Medicare, and wrongfully received money from Medicare for such tests.

m.      Defendants admit hiring Shane Nair in or around February 2011. Defendants admit that he was not licensed or registered to perform sleep tests at the time he was hired. Defendants admit that Nair performed sleep tests. Defendants deny that they wrongfully submitted, or caused the submission of claims for such tests to Medicare, and wrongfully received money from Medicare for such tests.

n.      Defendants admit hiring Noel Schreckengost in or around February 2011. Defendants admit that she was not licensed or registered to perform sleep tests at the time she was hired. Defendants admit that Schreckengost performed sleep tests. Defendants deny that they wrongfully submitted, or caused the submission of claims for such tests to Medicare, and wrongfully received money from Medicare for such tests.

o.      Defendants admit hiring Jansen Borromeo in or around August 2011. Defendants admit that he was not licensed or registered to perform sleep tests at the time he was hired. Defendants admit that Borromeo performed sleep tests. Defendants deny that they wrongfully submitted, or caused the submission of claims for such tests to Medicare, and wrongfully received money from Medicare for such tests.

p.      Defendants admit hiring Martha Nieves in or around August 2011. Defendants admit that she was not licensed or registered to perform sleep

tests at the time she was hired. Defendants admit that Nieves performed sleep tests. Defendants deny that they wrongfully submitted, or caused the submission of claims for such tests to Medicare, and wrongfully received money from Medicare for such tests.

q.       Defendants admit hiring Tyler Schnadarle in or around August 2011. Defendants admit that he was not licensed or registered to perform sleep tests at the time he was hired. Defendants admit that Schnadarle performed sleep tests. Defendants deny that they wrongfully submitted, or caused the submission of claims for such tests to Medicare, and wrongfully received money from Medicare for such tests.

r.       Defendants admit hiring Devon Watts in or around August 2011. Defendants admit that she was not licensed or registered to perform sleep tests at the time she was hired. Defendants admit that Watts performed sleep tests. Defendants deny that they wrongfully submitted, or caused the submission of claims for such tests to Medicare, and wrongfully received money from Medicare for such tests.

s.       Defendants admit hiring Jaqueline Black in or around September 2011. Defendants admit that she was not licensed or registered to perform sleep tests at the time she was hired. Defendants admit that Black performed sleep tests. Defendants deny that they wrongfully submitted, or caused the submission of claims for such tests to Medicare, and wrongfully received money from Medicare for such tests.

t.       Defendants admit hiring Linda Haynes-Hernandez in or around September 2011. Defendants admit that she was not licensed or registered to perform sleep tests at the time she was hired. Defendants admit that Haynes-Hernandez performed sleep tests. Defendants deny that they wrongfully submitted, or caused the submission of claims for such tests to Medicare, and wrongfully received money from Medicare for such tests.

1        u.       Defendants admit hiring Maria Montoya in or around

2   September 2011. Defendants admit that she was not licensed or registered to

3   perform sleep tests at the time she was hired. Defendants admit that Montoya

4   performed sleep tests. Defendants deny that they wrongfully submitted, or caused

5   the submission of claims for such tests to Medicare, and wrongfully received

6   money from Medicare for such tests.

7        v.       Defendants deny hiring Marlaine Khloth in or around

8   November 2011. Defendants admit that she was not licensed or registered to

9   perform sleep tests at the time she was hired. Defendants admit that Khloth

10  performed sleep tests. Defendants deny that they wrongfully submitted, or caused

11  the submission of claims for such tests to Medicare, and wrongfully received

12  money from Medicare for such tests.

13       w.       Defendants admit hiring Hamed Rohani in or around November

14  2011. Defendants admit that he was not licensed or registered to perform sleep

15  tests at the time he was hired. Defendants admit that Rohani performed sleep tests.

16  Defendants deny that they wrongfully submitted, or caused the submission of

17  claims for such tests to Medicare, and wrongfully received money from Medicare

18  for such tests.

19       x.       Defendants admit hiring Jennifer Chang in or around November

20  2011. Defendants admit that she was not licensed or registered to perform sleep

21  tests at the time she was hired. Defendants admit that Chang performed sleep tests.

22  Defendants deny that they wrongfully submitted, or caused the submission of

23  claims for such tests to Medicare, and wrongfully received money from Medicare

24  for such tests.

25       y.       Defendants admit hiring Leah Williamson in or around

26  February 2012. Defendants admit that she was not licensed or registered to perform

27  sleep tests at the time she was hired. Defendants admit that Williamson performed

28  sleep tests. Defendants deny that they wrongfully submitted, or caused the

submission of claims for such tests to Medicare, and wrongfully received money from Medicare for such tests.

z.     Defendants admit hiring Mackensie Longford in or around March 2012. Defendants admit that she was not licensed or registered to perform sleep tests at the time she was hired. Defendants admit that Longford performed sleep tests. Defendants deny that they wrongfully submitted, or caused the submission of claims for such tests to Medicare, and wrongfully received money from Medicare for such tests.

aa.     Defendants admit hiring Neill Mercado in or around June 2012. Defendants admit that he was not licensed or registered to perform sleep tests at the time he was hired. Defendants admit that Mercado performed sleep tests. Defendants deny that they wrongfully submitted, or caused the submission of claims for such tests to Medicare, and wrongfully received money from Medicare for such tests.

bb.     Defendants admit hiring Alice Segbefia in or around June 2012. Defendants admit that she was not licensed or registered to perform sleep tests at the time she was hired. Defendants admit that Segbefia performed sleep tests. Defendants deny that they wrongfully submitted, or caused the submission of claims for such tests to Medicare, and wrongfully received money from Medicare for such tests.

cc.     Defendants admit hiring Diana Flores in or around August 2012. Defendants admit that she was not licensed or registered to perform sleep tests at the time she was hired. Defendants admit that Flores performed sleep tests. Defendants deny that they wrongfully submitted, or caused the submission of claims for such tests to Medicare, and wrongfully received money from Medicare for such tests.

dd.     Defendants admit hiring Pardis Irannejad in or around October 2012. Defendants deny that she was not licensed or registered to perform sleep

27

tests at the time she was hired. Defendants admit that Irannejad performed sleep tests. Defendants deny that they wrongfully submitted, or caused the submission of claims for such tests to Medicare, and wrongfully received money from Medicare for such tests.

### c)   Violation of DME Rules and Regulations

132.   Answering paragraph 132 of the SAC, Defendants admit that Qualium dispensed DME to Medicare beneficiaries, but deny the remainder of the allegations, particularly that Defendants violated Medicare rules.

133.   Answering paragraph 133 of the SAC, Defendants admit the allegations, but to the extent that the qualifier "initially" suggests that Defendants violated the law, Defendants deny the implication.

134.   Answering paragraph 134 of the SAC, Defendants admit that Amerimed never applied to become a DME supplier. Defendants deny that they attempted to enroll Amerimed in Medicare as an IDTF. Defendants deny that Amerimed ever dispensed DME to Medicare beneficiaries, as the United States suggests.

135.   Answering paragraph 135 of the SAC, Defendants deny all allegations.

136.   Answering paragraph 136 of the SAC, Defendants deny all allegations and legal conclusions.

137.   Answering paragraph 137 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones. To the extent that there is a reference to Exhibit 2, the document speaks for itself.

138.   Answering paragraph 138 of the SAC, Defendants admit that they only enrolled the Los Gatos location for Qualium as a DME supplier. Defendants

admit that they directed employees to pick up DME from the Los Gatos location and deliver it to other locations, including the patient's home or the location that the patient had his or her sleep and titration tests. Defendants admit delivering DME to patients and fitting patients at other locations, but deny that they violated the law or submitted false claims. Defendants deny dispensing DME from other Bay Sleep Clinic locations despite not applying for or receiving approval from Medicare to dispense DME from those locations.

139.   Answering paragraph 139 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

140.   Answering paragraph 140 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

141.   Answering paragraph 141 of the SAC, Defendants deny all allegations and legal conclusions.

142.   Answering paragraph 142 of the SAC, Defendants deny all allegations and legal conclusions, and to the extent that the United States is referring to Exhibit 1, the document speaks for itself.

143.   Answering paragraph 143 of the SAC, Defendants deny all allegations and legal conclusions.

144.   Answering paragraph 144 of the SAC, Defendants lack sufficient information to form a belief as to the truth of the allegations. To the extent that the United States is alleging that Defendants submitted a false claim for DME in connection with beneficiary H.R., Defendants deny all allegations and legal

conclusions.

145.   Answering paragraph 145 of the SAC, Defendants deny that they circumvented a regulatory scheme designed to ensure patient safety. Otherwise, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

146.   Answering paragraph 146 of the SAC, Defendants deny all allegations and legal conclusions.

147.   Answering paragraph 147 of the SAC, Defendants assert that no response is required because the allegation merely consists of the United States' legal conclusions and descriptions of the law. To the extent that a response is required, however, Defendants deny that the United States' legal conclusions and descriptions of the law are the only ones, or necessarily the correct ones.

148.   Answering paragraph 148 of the SAC, Defendants deny all allegations and legal conclusions.

149.   Answering paragraph 149 of the SAC, Defendants deny all allegations and legal conclusions.

150.   Answering paragraph 150 of the SAC, Defendants deny all allegations and legal conclusions.

## VI.   EXAMPLES OF FALSE CLAIMS

151.   Answering paragraph 151 of the SAC, Defendants admit that Nader and Mostowfipour provided the list attached to the SAC as Exhibit 4 as a measure of good faith during the United States' investigation of this matter. Defendants admit uncovering irregularities during a self-audit at the time of the United States' investigation of this matter, and reporting them to the United States. Defendants deny, however, the ultimate legal conclusion that they knowingly violated the

1  False Claims Act.

2      152.   Answering paragraph 152 of the SAC, Defendants deny that the

3  claims identified in paragraph 151 and Exhibit 4 are false claims. Defendants

4  further deny that they knowingly submitted or caused to be submitted to Medicare

5  false or fraudulent claims for sleep tests performed in unapproved locations and/or

6  by unqualified personnel.

7      a.   Defendants deny all allegations of wrongful billing and false

8  representations with respect to this patient or otherwise.

9      b.   Defendants deny all allegations of wrongful billing and false

10  representations with respect to this patient or otherwise.

11      c.   Defendants deny all allegations of wrongful billing and false

12  representations with respect to this patient or otherwise.

13      d.   Defendants deny all allegations of wrongful billing and false

14  representations with respect to this patient or otherwise.

15      e.   Defendants deny all allegations of wrongful billing and false

16  representations with respect to this patient or otherwise.

17      153.   Answering paragraph 153 of the SAC, Defendants deny knowingly

18  submitting or causing to be submitted to Medicare numerous false or fraudulent

19  claims for Medicare reimbursement for DME dispensed in violation of Medicare

20  rules.

21      a.   Defendants deny all allegations of wrongful billing and false

22  representations with respect to this patient or otherwise.

23      b.   Defendants deny all allegations of wrongful billing and false

24  representations with respect to this patient or otherwise.

25      c.   Defendants deny all allegations of wrongful billing and false

26  representations with respect to this patient or otherwise.

27      d.   Defendants deny all allegations of wrongful billing and false

28  representations with respect to this patient or otherwise.

e.    Defendants deny all allegations of wrongful billing and false representations with respect to this patient or otherwise.

154.  Answering paragraph 154 of the SAC, Defendants admit that the United States served them with a spreadsheet identifying all of what the United States believes to be false claims for sleep tests, titration tests, and DME. As for a response to the spreadsheet and Exhibit 5, the documents speak for themselves. Defendants do not believe a response is required to the United States' assertion that it reserves the right to identify additional false claims during discovery.

## FIRST CAUSE OF ACTION

155.  Answering paragraph 155 of the SAC, Defendants incorporate their responses to paragraphs 1 to 154, *supra*.

156.  Answering paragraph 156 of the SAC, Defendants deny all allegations and legal conclusions.

157.  Answering paragraph 157 of the SAC, Defendants deny all allegations and legal conclusions.

158.  Answering paragraph 158 of the SAC, Defendants deny all allegations and legal conclusions.

## SECOND CAUSE OF ACTION

159.  Answering paragraph 159 of the SAC, Defendants incorporate their responses to paragraphs 1 to 158, *supra*.

160.  Answering paragraph 160 of the SAC, Defendants deny all allegations and legal conclusions.

161.  Answering paragraph 161 of the SAC, Defendants deny all allegations and legal conclusions.

162.  Answering paragraph 162 of the SAC, Defendants deny all allegations and legal conclusions.

163.  Answering paragraph 163 of the SAC, Defendants deny all allegations and legal conclusions.

164.   Answering paragraph 164 of the SAC, Defendants deny all allegations and legal conclusions.

### THIRD CAUSE OF ACTION

165.   Answering paragraph 165 of the SAC, Defendants incorporate their responses to paragraphs 1 to 164, *supra*.

166.   Answering paragraph 166 of the SAC, Defendants deny all allegations and legal conclusions.

### FOURTH CAUSE OF ACTION

167.   Answering paragraph 167 of the SAC, Defendants incorporate their responses to paragraphs 1 to 166, *supra*.

168.   Answering paragraph 168 of the SAC, to the extent that a response is required, Defendants admit that the United States is claiming recovery of monies by which they believe Defendants were unjustly enriched. Defendants deny being unjustly enriched, however.

169.   Answering paragraph 169 of the SAC, Defendants deny all allegations and legal conclusions.

### PRAYER FOR RELIEF

The remainder of the SAC, beginning with the word "WHEREFORE," constitutes a prayer for relief to which no response is required. To the extent that a response is appropriate, however, Defendants deny that the relief requested is proper or justified by the facts of this case.

Moreover, Defendants assert the following affirmative defenses:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Government Knowledge)

1.   As for a first affirmative defense, Defendants assert that Dresser's claims are barred in whole or in part because the United States had knowledge of the allegedly false claims. The United States' knowledge negates the scienter

requirement of False Claims Act liability.

## SECOND AFFIRMATIVE DEFENSE

### (Preservation of other defenses)

2.      As for a second affirmative defense, Defendants assert that they presently have insufficient knowledge and information upon which to form a belief as to whether they may have additional, as-yet-unstated affirmative defenses. Defendants reserve the right to assert additional affirmative defenses in the event that discovery indicates that such would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1.   That judgment be awarded in Defendants' favor and the United States be awarded nothing;

2.   For Defendants' costs of suit incurred in the defense of this suit; and

3.   For such other relief as the Court deems proper.


DATED:  August 22, 2016               KHOURI LAW FIRM


                                      By:    /s/ Andrew B. Goodman
                                             MICHAEL J. KHOURI
                                             Email: mkhouri@khourilaw.com
                                             ANDREW B. GOODMAN
                                             Email: agoodman@khourilaw.com
                                             Attorneys for defendants QUALIUM
                                             CORPORATION d/b/a BAY SLEEP
                                             CLINIC d/b/a CPAP SPECIALIST, TARA
                                             NADER, ANOOSHIRAVAN
                                             MOSTOWFIPOUR, and AMERIMED
                                             CORPORATION

///

1

## **DEMAND FOR JURY TRIAL**

2      Under Rule 38 of the Federal Rules of Civil Procedure, Defendants demand

3  a jury trial in this matter.

4

5  DATED:  August 22, 2016          KHOURI LAW FIRM

6

7                                 By:    */s/ Andrew B. Goodman*

8                                        MICHAEL J. KHOURI
                                         Email: mkhouri@khourilaw.com
9                                        ANDREW B. GOODMAN
                                         Email: agoodman@khourilaw.com
10                                       Attorneys for defendants QUALIUM
                                         CORPORATION d/b/a BAY SLEEP
11                                       CLINIC d/b/a CPAP SPECIALIST, TARA
                                         NADER, ANOOSHIRAVAN
12                                       MOSTOWFIPOUR, and AMERIMED
                                         CORPORATION
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28